Preparing For migr. (03-25-08)

**NAME:** THOMAS, JAMES EDWARD
**PRISON NUMBER:** F-21197 / "A"-y, 6 Bld., "B" sect., CN.120
**CURRENT ADDRESS OR PLACE OF CONFINEMENT:** P.O.B. 29006 / C.S.P. At Sac./Folsom
**CITY, STATE, ZIP CODE:** Represa, Calif. 95670-00~~66~~

To: The Court/Justices - Please be Advised That Deft. Is, Too, Fully Indigent - w/o - Adequate Supplies To Properly File/Petition For A Hearing/ Redress - Of - Wrong - Because, The D.A. - N - Prison Officials Are Overtly Putting Stumbling - Blocks, Every - Which - Away, In My Way - N - Flatly Refuses To Issue any Rqstd./Needed Supplies - Plus, Rfsd. To Provide Deft -w- Needed Photo- Copies, Also.

# UNITED STATES DISTRICT COURT
~~Northern~~ 280 S. First St, San Jose, Ca 95113
~~Southern~~ DISTRICT OF CALIFORNIA

FILED 2008 APR -3 A 8:0_
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA
S.J.

**THOMAS, JAMES EDWARD**
(FULL NAME OF PETITIONER)
PETITIONER

v.

**THE WARDEN, C.S.P./STATE-OF-CAL.**
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT
and

_____,
The Attorney General of the State of California, Additional Respondent.

Civil No. **C08 01778 SBA**
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

[03-25-08]  Orig. Only!

ATTN.: Contents / consist of (25) pgs. [Total] Including A one Page/pg.(s) of Clarafication Addendum, To Defts mind very Necessarily Inclusive!

1. Name and location of the court that entered the judgment of conviction under attack: The Superior Court Dept. No. 36, In And For Santa Clara County, S.J.

2. Date of judgment of conviction: Sent. March 20, 2006

3. Trial court case number of the judgment of conviction being challenged: Criminal Conviction(s) For Burglary -w- Assault - To- Com. Rape -N- Peeping? -For Same- /Cc-583911

4. Length of sentence: (25) years - To - Life - w - (5) years Enhancement,... Plus. After Deft was Housed At The D.V.I. Guiding Center - Just before Transfer To H.D. S.P. Susanville, A Sudden/Mysterious 10,000 dollar Fine Appeared Thru/Via Corr. Counselor --- No-Such- Fine Occured In The Sentencing Court, what-so-ever!

(Page 2)

5. Sentence start date and projected release date: <u>Sentence Started upon my First</u> <u>arrest on Feb. 25, 2005 - Before The Faked/Entrapmental Dismissable of Charges.</u>
  -Re Filing-

6. Offense(s) for which you were convicted or pleaded guilty (all counts): <u>Absolutely, No</u> <u>Guilty Plea - Convicted, Too Falsely, on Burglary-459 P.C.; Assault-w-</u> <u>Intent-To-Rape - 220 P.C.; Prowling/Peeping-w-Intent-To-Burglarize.</u>

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the <u>California Court of Appeal</u>?
    ☒ Yes ☐ No <u>Tried Thru The Co. Selected Counselor, same - As - At Trial</u>

11. If you appealed in the <u>California Court of Appeal</u>, answer the following:
    (a) Result: <u>Thus Far, A Conflict-Of-Interest, Resulted in, only, Partial Mod. of Sentence!</u>
    (b) Date of result, case number and citation, if known: _____
    
    (c) Grounds raised on direct appeal: <u>The Ct. Appld. Counsel only wanted Deft. To</u>
    <u>Appear Psychologically un-Fit/un-Supported Grounds of In-Effective</u>
    <u>Ness-Of-Court Appld. Dep. Pub. Def. --- Even Tho Deft Tried, In Vain</u>
    <u>To Bring To His/The DPD's Attn. The Most Pertinent Error of M.S.ID. See Attached</u>
    Extra-Sheet of Explination

12. If you sought further direct review of the decision on appeal by the <u>California Supreme</u> For Better Details
    Court (e.g., a Petition for Review), please answer the following: - Court Acted To, only Accept S.A. Hat (foyp
    (a) Result: <u>As For A Certification of (my) Appeal, Due To Excessive/un-neces. D.A.C. Delays</u>
    (b) Date of result, case number and citation, if known: <u>March 19, 2008 - S-156953</u>
    <u>No Tangiable Reason - Except, e.g. - I Re Swain 1949/P.v. Duvall (1995) 9 Ca.4th. 464</u>
    (c) Grounds raised: <u>Deft. Tried To Bring-up (All)the Pertinent Mis-Conduct/Intentional</u>
    <u>Error The Appls/Tr. Ct. Atty, Flatly Refused To Clarify-To- Ct.-n-Jury, e.g.-</u>
    <u>Dismissal For Mis-ID./Not-In-Poss. of Any Stolen Head Cover, ing(s)/No</u>
    <u>Finger-Prints were Found At Buglarized Apt. Matched Deft - No Glove/Hand</u>
    <u>Covering worn / Great Contrast-In-ID.... E. wit. Claimed Porpertrator</u>
    <u>wore Bright Green Top - In opposed To Defts. Dark Grey-N-Pink ----</u>
    <u>Definetely! No Cap/Head-Covering, As was verified By At Least (8)</u>
    <u>Residents-n-Stake-out Police Just Prior To Defts. Arrest, under very</u>
    <u>Harassmental/Spitefull Conditions - under Constant un-nec. Surveillence!</u>

13. If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to that petition:
    (a) Result: None yet Contemplated, If The Co.Quits Messing-W-My Access-To-Court!
    (b) Date of result, case number and citation, if known: N/A -
    (c) Grounds raised: N/A

    N/A

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Superior Court?
    ☒ Yes ☒ No

15. If your answer to #15 was "Yes," give the following information:
    (a) California Superior Court Case Number: Tried To File For Release-of-Property
    (b) Nature of proceeding: Explained The Very Erroneous Mis-Carriage or Sign Paper-of-Confiscated Funds (Property & Justice-N-In-Adequacy-of-Both Attys-Tr.-N-Appls. by way Of an Early-
    (c) Grounds raised: I was, Too, Deliberately, Set-up/Messed-over By The So-Called, Dep. Pub. Deff. - Because, (He) only Tried-To-Get Me To Plead Guilty/Flatly Refused To Bring-To The Attn. of Ct./Jury, T.Mis.JD.Prior No record DPD Flatly Ref. To Invw. Wit.of Psdcy/Possible/Pol.Off. Stole Funds — Blocking Sha Dismissal/Big Discrepancy of No-wear Hd.Covering (was-on-Dr.Way-No Peeping-
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☒ No
    (e) Result: The Petition(s) were Wrongfull Rld. (All) Torn-up/Dismantled
    (f) Date of result: ~~Date~~ June of 2007, At An Non Leg-Mail Delivery-App. 130 pm Eve

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Court of Appeal?
    ☒ Yes ☐ No

17. If your answer to #17 was "Yes," give the following information:
    (a) California Court of Appeal Case Number: Tried Futily (In vain To A Mysterious "6" Dist App.Ct. of Appls, S. Jose
    (b) Nature of proceeding: Dismissal Of Un-Natural/Pestimistic County's Agency Selection of An Appls. Atty. From Another County/who Does Exactly What DA. Started!
    (c) Grounds raised: It Appeared The Said Counselor, Just-Like-That-Lo. Psychiatrist, only wanted To Make Me Appeal, Too Psych.-out-of-it-w. Added Insult, He-Had-To-Eat, No-Bite-→ The-Hand-That Fee

(Pg. No. 4)

Instead of (them) being willing to investigate the trumped-up situation/charges, accepted Police's version, only---- Where, as I tried to fully inform both Counselors of the S.C.I. P.D. continual use of substituted Vic./witness - N - Even Att. OFFS

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: Most of the Copies to pertinent Respondence were Rtd. In-Atucy'ten/y. - That I will not get any mail-out of prise

(f) Date of result: Absolutely, No word(s) Todate- Except, Co.LEA's Harassmental Ploy of

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Supreme Court?
☒ Yes ☐ No

19. If your answer to #19 was "Yes," give the following information:

(a) California Supreme Court Case Number: S-156953

(b) Nature of proceeding: Asked/Petitioned For Cortification of My/Correction mis-Cor mis-Tactical Denial of Speedy Justice- Appeal, For-Seemingly- D. Atty. Gen-N- Apptd Counsel's Un-Necessary Delaying-

(c) Grounds raised: No mention of the mis-ID./Prior Dismissal of Charge/ Pol. used Entrapment, by Forcing-me -From my Resident, w-Much of A Great Deal of - Extra close Surveillence To Try-To -Get Additional made-up False charges To Support that (10) Day Dismissal/Rearrest On A warrant Where As (they) knew Exactly where I was At-All-Times/Had Residence Stated. Cut/Booby-Trapped TV.

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No   Did not Appear So- Even tho There was An Independed Invest -N- (All) Alleged/purported witnesses were Found ToHave Delib. Lied - Espec. T. Prio Rape, would-be- Victim

(e) Result: It Appears they/The Court Denied Same For other Reasons.----- See The App Ct.S Opini

(f) Date of result: March 19, 2008 ----- Refered To Some case citations, only.

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court containing the grounds raised in this federal Petition, explain briefly why you did not:

I/Deft. Tried-In vain, many Times To Inform The Court of (his) Dire Situation-w- A Supplimental Hand-written Petition-N-This Prison Leg. Law Librian Flatly Refused To supply me/Deft. An Indigent Party Any Photo-copies, simply Because, the Included Exibits Appeared, some-what, in letter form ---- Not-with-standing, Any Types of communiques To An Atty/Leg. Counsel/Any Law Courts Are Deemed Legal-N- Confidential, Regardless of Its contents, Just-As-Long-As-It Is Properly Addressed So-Stated for Legal usage or/and To Act As Grounds To Support An Imp. Claim(s) ..

(pg. No 5)

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your first federal petition for writ of habeas corpus challenging this conviction?

    ☒ Yes ☐ No    (IF "YES" SKIP TO #11)

    (a) If no, in what federal court was the prior action filed? __N/A.__

      (i) What was the prior case number? __N/A.__

      (ii) Was the prior action (CHECK ONE):

         ☐ Denied on the merits?    None, So-Far, Taken or Contemplated, At This
         ☐ Dismissed for procedural reasons?    Time, Hopefully, This Pet.
                                                Will Get In Court As Intd
      (iii) Date of decision: __N/A.__                    -w/o-Interference

    (b) Were any of the issues in this current petition also raised in the prior federal petition?

       ⓨYes ⓝNo    __N/A.__

    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals

       given you permission to file this second or successive petition?

       ⓨYes ⓝNo    __N/A.__  This IS First Time Tried To File In This Ct-
       On This/These Pending Falsified Un-Truthfull
       Accusations/Trumped-up Mis-Charges.

       For This Great Courts Review/maybe, Acceptance Of This, So-Called, Overt
       Deliberate, Mis-Carriage(s) Of Justices X many others, Deft. Fully Believes
- **CAUTION:** That This Ct. Can, Justifyably, Act-up The overt show of Conflict-of-Interest-of-Counse
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must
       But, wishes To Bring To The Atn. of The Ct. The underlying/Govert Causes Leading-uP To San
       Of which, The, So-Called, Co. D.P.D.-N.Co. Appld. Counselor, Flatly Rfd. To Bring-up Cout !!
       ordinarily first exhaust your state court remedies as to each ground on which you request
       action by the federal court. This means that even if you have exhausted some grounds by
       raising them before the California Supreme Court, you must first present *all* other grounds
       to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific
       judgment, you may be barred from presenting additional grounds challenging the same
       judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For
       example, if you are claiming <u>incompetence</u> of <u>counsel</u> you must state facts <u>specifically</u> setting
       forth what your attorney did or failed to do. A rule of thumb to follow is — state who did
       exactly what to violate your federal constitutional rights at what time or place.

       See The (1) Sheet Attachment, Here-To, For Pertinent Details.

(Pg. No. 6)

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: The Mis-Conception By The County's Vindictive D.A./ Police's On-going, Feverent Attempts To Make Deft. Appear Too Psych- ologically/Criminally-Insane, By only Stealing Worthless/Insignificant Items Such-As-(His)very own w. watch'.

Supporting FACTS (state *briefly* without citing cases or law) It's A Noted Fact(s)- That Each Time That Deft. Gets Detained/Inadvertently Falsely Arrested ---- For Any Thing, Small-Large or Nothing(s)-At-All, The D.A.s Staff (As-A-Standing-order) Quickly Conspires To Go-All-out, To Make (Deft) Appear Psychologically Unfit, So That (He) Is/Can't Take Part In His Own Defense ---- As was, Too Clearly, Verbetized In The Jail Base-ment Psych Ward, By A one (Ms.) T. Briggs, D.D.A. (1984) - Stated Reason(s), (She/They) wanted Deft. Fully/Heavily Medicated - N- There After [Trial Defense - If Any, By Un-Concerned DPD.] To Atascadero To Be, Even, Further Heavily Med., So (He) Couldn't Appeal ---- Noting That: The, would-be, Alleged/Purported Victim of The said False Rape, Has Been Overtly Trying very Feverently, To Write many Letters To The Trial Court That (She) was Forced To Re-Testify, As A Prior Completed Rape Victim/ In Opposed To, only A Guessable/Too Assumptive, Mis-Charge [For Co.Con- veniences] of A Pol. Instigated Assault-w-Intent-To-Rape Charge ---- Simply, Because I Am A Life-Time 290 P.C. Registrant. Even, In (All) The Prisons I Am Incarcerated In, Parties From S.C.C. keep Appearing-n-Tampering-w-My-Communiques Criminally Conceived" (They) Even Forced (me) on A Conservatorship -N- Flatly Ref. To Take (Deft.) To Ct. Hr'ing ---- Claimed They Couldn't Find (me)--- In-A-Max. Security Sort-of-T.Co.Jail" (She) Definitely, no See ID. or was-Ped-Into Lying, To Secure-A-Tainted Conviction Plus The Vict. of Prior Rape - Says: It Was The D.A./Friends Who Coerced (Her) See The "b" Dist., so-called, Appt. Court For Its Summation/Independent Invest.

Did you raise GROUND ONE in the California Supreme Court?
☒ Yes ☐ No.

/ Pg. No. 7)

(b) **GROUND TWO**: The, So-Called, Good Dep. Pub. Def. Is, Much Too, Openly Shown To Have The County's-Interests-At-Heart/In Mind, Only-Because, (It/He) Made Sure of A Prosecutorial Conviction (s)-w/o-Regards To Deft.'s Defense.

Supporting FACTS (state *briefly* without citing cases or law): It's, Too Clear-N-Very Overtly Convensing That: IF A, would-have-been, Qualified Atty., Acting on/In Behalf of His Client/Deft., Had or Had Any kinds/Type of Fair Considerations For (His) Clients Welfare/Rights - No way would/could (It/He) Beg To Represent Same, under The False Pretenses That (He) was Sure That (It/He) Could win The Said Case----Especially, After Deft. Tried To Inform (Him) of (All) The, Too, Deliberate Falsehoods-N-The Dismissal-N-Continious Prior Harassment/Very Close Surveillence-w-Prior (s) Uses of Pre-Fabricated Testimony By Substituted, wanna-Be, Victims/Co-erged Witnesses---. Just As It Turned Out-To-Be In This Farce of-A-Sham Frame-up. Then After,-N- only After (He) Assured (Me), Also, That (He) was-Definately-Ready To Proceed To/For Trial/Not To Even mention [Any Deal]-No-Want-To Hear of Such or Any Time Waiver - or you-are-out, Kaput/Gone-Like-The-Wind/Don't Need/want To Hear It.---. Yet, After, Almost (3) mnth. Delay Before The Start-of The Trial, He Suddenly want To Know IF [I] would Plead Guilty-To-one Count----No way!! Then, Lets The Merit. Cal. Judge Pressure (Him) Into Trying To waive-Time In Support of The D.D.A.. And Had The Ordacity To Openly State/Claim, In His Closing Argument, That: It Is/was A Fact That Deft. Was The Intruder In That Burg. Apt.- But, was There Only For The Purpose-of-Pooping, Only"- Also, Indicated That Deft. Only [Took] worthless B.B. Cap To, maybe, Facilitate (His) Excape---- Would-you-Believe, In-The Darkened [stated-At-Trial] Apt.-N-Outside where (He) Confirmed I.D. ?''?

Did you raise GROUND TWO in the California Supreme Court?
☒ Yes ☐ No. By way of A Supplemental Additition-N-Orig.Petition

(Pg. no. 8)

(c) **GROUND THREE**: And To Try To Sum-It-All-Up, After The D.P.D. Flatly Informed Deft, During Said Trial, That [Deft.] Had To Bring-up The Things (He) Red. To Bring To Attn. Of Ct.-N.-Jury On An Appeal - No Can Do Because Both He/The App. Ct. Counselor Expressly Omitted (Them) - N-Unless Ct. Finds

Supporting FACTS (state *briefly* without citing cases or law): Conflict-Of-Inter., I No-Can, Att.-L.-Oat

First-Of-All, On The Night In Question(s) Deft. Had Been/Still Was On Heavy Surreillence/Un-due Harrassment Physically As Well As Psychologically, At Every Opportuned Occasion(s) - Plus, Continuenly Tampering/Confiscating (All) Communiques, Illegally - So Stated A D.D.A, Posing As My Pub Def., Only To Dissuade (me) From Going To Trial (or Appealing The False Convictions Of (2003) - N- Prior; On Both Arrests (02-25/03-06-05) Deft. Was Under Great Pressure -N-Undue Harrassment To Leave-The-Co.-N-State, No-one-Wanted (him) Around -N-After Many Such Threats -N- Coverted Theft Of (His) Person-N-Else Where, It's Too Highly Un-likely That [Deft.] Would Try-To-Get Away/Pull Some Worthless/Insignificent Object, Just To Go-To-Jail. Especially, Since [Deft.] Can/Could Get A Million Such Caps Free, In That Very Area's (He) Daily Frequents -N-To Be Accused Of Stealing (His) Own Cheap W. Watch -W/o- Proof- Of- Any Theft Any-where In Either Areas, Only A Ploy/Save-All By The D.D.A. To Gain A Too Unproven/False Accusational Sure Conviction -N- No Let Deft. Appeal; The Eye-witnesses Claimed (He) Saw An Intruder wearing A light-Green Top, In The Darkness, Also, Had On (His) B.B. Cap-W/o- Even Exam.ng (H) = Plus, No Finger-Prints Matched Deft's To Solidfy Same; Said Eyewit. Was Secreted In Ct./Jail Hldng Cell-W-Deft Before Preliminary Hrng.; Female Occupant Saw (Felt/Knew Nothing(s); The Arr. Off. [Winco] Claimed (He) Saw Deft. Peeking Into Window From His Rear-of-House View/Possition - But, Some-How A N. Kroeger Claimed (He) Was Right Next Door Saw (Deft.)-W- Arms/Sleeve/Ln Bag-over Eyes Peeping - But, Later Ind. Invest. prove (He) was More Than (6) Blocks To T. No. Un-Accessible.
Plus, The Good-Samaritian Off. Stole Most-of-my Funds on Person, Only Placed Very Sml Percent On Booking Sheet

Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.   Too, To Very In-Approiate, Had A Much Larger Amount on my Person - when Prior Arrested Dismissed -N- Released ---- Who Needs To Try To Steal Somethings So Worthless/Insignificant ----- Especially, when Deft. Don't Use No Head Coverings, What-So-Ever -N- Can, Too Freely, Get Plenty From (All) The Charitable Assoc. In Area

(Pg. N. 9)

4 (d) GROUND FOUR: No No Others Would/Might Seem Appropriate. At-This Time, Deft. Only meant To Try-To- More Fully Acquaint The Court with (His) Too Unusual/Dire Situation - Because (He) Refuses To Accept Any Worthless Deal

Supporting FACTS (state *briefly* without citing cases or law): Just To Please (make Cal. Work Easy/Simpler - w- (Him) Getting-Blamed For Every Things."

N/A-.

Did you raise GROUND FOUR in the California Supreme Court?
☐ Yes ☐ No. N/A - Tried-To- Bring-(It) To Their Attention, yes.

(Pg. No 10)

23. Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No UNKNOWN ---- The, so-called APP (6) Dist. Counselor keep Telling Deft. That (He) Has Nothing's To Fear, (He) Has Already Won Said Appeal ---- But, By

24. If your answer to #23 is "Yes," give the following information:
The Info. I Got, No-Such-Happenings, It Only Pertains, Mod. Lengthy Sent. (Still Awaitin' To Be Picked-up For Ct.- Appearen.
   (a) Name of Court: Some, unknown/Unheard-of (6) Dist. App. Ct., S.J., Cal.
   (b) Case Number: H-030573 On Sup.Ct.'s CC-583911 Conv.-N-A Comp. Rvsl on/about 03-08-05
   (c) Date action filed: Supposidly In June, 06 ~N~ un-believable RSlt. on 03-09-08
   (d) Nature of proceeding: First (He) Claims (He) Won Appeal-But, Informs Deft. That There Would-Be A Show-Cause order Pending Soon-But last Comm. Indicated, Y N, Another
   Too Excessive D. Att.Gen/D.A.'s False Delaying tempting Tactics—Seems There Is-N- Appl's
   (e) Grounds raised: The D.A.'s/Atty. General's Opposition To An Already Granted Show Cause Ct. order.

   (f) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes ☒ No Supposidly, Pending -w- Too Many un-nec. Delays/Tampering-w-ml.

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: D.P.D. 120 W. Mission St., S.J. Ca. Campari/Popov, M.

   (b) At arraignment and plea: Many Different D PD's-N-Fake D.D.A Only Pretending To Represent (Deft.) Covertly-In Hope of Making, un-heard-of-Deal(s).

   (c) At trial: Campari/Popov, Mark - 120 W. Mission St, San Jose, Cal. 95110

   (d) At sentencing: Same Mark Popov-Campari-D.P.D. As Above Noted.

   Under The Guise of A Mr. D.D. Martin, Esq. 622 Lakewood Lane, Alz. Cal.   Sa.Cl.Calif
   (e) On appeal: The, So-Called, Six App. Ct. Dist. of 333 W.Sa.Cl. St/Hwy-N- Winchester Blvd
   (f) In any post-conviction proceeding: None Other Than, Maybe, on Appeal, However-So very Slowly/un-Believable -w- All The un-nec. Brutality/un-due Harassment
   (g) On appeal from any adverse ruling in a post-conviction proceeding: Same.

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No Two Felonies-w- Unlawful Use of A, Would-Be, Prior-N- An un-common/Forced Entry capable Prowling/Peeping For The purpose of Burglary.-To Add To/Cover-up The Dismissed Fraudulent Prior Felonious Mis-Accusations.

(Pg. No. 10)

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983

Name  Thomas,         James              Edward
      (Last)          (First)            (Initial)

Prisoner Number  F-71197 /"A"-Y, 6 Bld/Ag. Seg. Unit/"B" Sect., C.N. 120

Institutional Address  C/o. P.O.B. No 290066/C.S.P. Sac./Folsom

Represa, California 95670-0066

===================================================================

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS, JAMES EDWARD                Case No.
(Enter the full name of the         (To be provided by the clerk
plaintiff in this action)           of court)

           vs.

UNK. WARDEN OF THIS SAID            COMPLAINT UNDER THE CIVIL
C.D.C. INSTITUTION- C.S.P. SAC.     RIGHTS ACT, 42 U.S.C § 1983
P.O.B. No. 290066

Thomas, James Edward In Pro Per - Awaiting Comp. Appt. of Counsel.
(Enter the full name of the
defendant(s) in this action)

All questions on this complaint form must be answered in order for your action to proceed.

I.   Exhaustion of Administrative Remedies

    Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.
    Deft. In Error, No such Grievance Procedure In Lieu of an Appeal of Convs.

    A.  Place of present confinement  CSP At Sacramento/Folsom

    B.  Is there a grievance procedure in this institution?
        YES (X)    NO ( )  For Institutional Infractions, only!

    C.  Did you present the facts in your complaint for review
        through the grievance procedure?   YES(–)    NO (–)  N/A -

                                    1  /Pg. n. 11)

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _Note: (All) They so Called 602 Appeals I Tried To File Got Returned - W/o - Even bearing my Piece-of-one (For Too Excessive verbalization_

2. First formal level _N/A._

3. Second formal level _N/A._

4. Third formal level _N/A_

E. Is the last level to which you appealed the highest level of appeal available to you? YES ( ) NO ( ) _N/A. Conv. Apply concerns at this time -_

F. If you did not present your claim for review through the grievance procedure, explain why. _N/A._

II. Parties

Write your name and your present address. Do the same for additional plaintiffs, if any.

A. _N/A._

Write the full name of each defendant, his or her official position, and his or her place of employment.

B. _N/A._

(Pg-N. 18)

2

III. <u>Statement of Claim</u>

State here as briefly as possible the <u>facts</u> of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

N/A.

(Pg. ~ 19)

3

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

N/A.



I declare under penalty of perjury that the foregoing is true and correct.

Signed this ____ day of _____, 19 ____

_____
(Plaintiff's signature)

This Second Portion was Automatically Included, For what Reasons, I don't know. This So.Dist Ct. Form is the only one I could get/manage to save!
SAME/ J.E.T. (03-25-08)

(Pg. No. 20)

(rev. 5/96)

4

(Pg-N-H)

Re.: THOMAS VS. THE WARDEN OF CSP SAC/FOLSOM, Represa, California-95670-0066;
SUPPLEMENTAL AND NECESSARY CLARAFICATION ADDENDUM(S);
(03-25-08)
SEE: WITKIN/DEERING/BLACK'S DEFINITIONS OF THE CAL. PEN. CODES:

(1). 459 P.C. - Burglary, In The First Degree; "The Un-lawfull Act(s) Of Entering An
  a). Occupied Dwelling, In The Night Time, For The Specific Intention Of Permanently
  b). Depriving The Owners-Of-Their Property. Such An Accusation must Be Clearly
  c). Shown-w-The Possession Of Said Property, at the Time-Of-Apprehension----Not Just
  d). A mere Assumptive Possibility-w-Any Such ID. must Be Clear/Convensing-not-In-Darkness

(2). 220 P.C. - Assault-w-The Intent To Rape: The Specific Intent Has To Be manifested/
  a). Sufficiently Shown/Known [By menavacingly Touching or Verbalized To An Exact Cortain-
  b). ity----Definately, Not By merely/only Being-In Same-Apt/Room, Away From Purported/would
  c). -Be Victim-Fully Covered/Un-Disturbed In A Bed or, For That matter, only A Spitefull/vindic-
      -Brutally-
  d). -tive Ploy By Too Brutally Inclined Pol. Officer's, Bent-on- only A Hopefull Confession/E-Contrl.!

(3). 647 B-H-I-PC.- Prowling/Peeping For The Purpose-Of-Burglary-w/w/o-Burg. Tools:
  a). In Order To Be Able To Sustain/Reasonably Accuse one(s) Of The Unlawfull Act(s) Of
  b). Peeping Into An Occupied Dwelling, Such must Be Clearly Shown/Evident That Such A
  c). Feat Is Possible-w-Ability-To-See----But, To Be Falsely/Conveniently Accused Of
  d). Trying To Peet Thru An un-peepable/Fully Shaded window -w- Arms/Sleeves/Largeboy
  e). In Front-Of-Eyes----Especially, From only Being Seen walking On A well lighted Drway,
  f). That The Said Pol. Surv-Team was Frequenting off/on, Seems -A-little Too Far Fetched-N-With
  g). No Tools/Step-ladder For Opened/un-Covered Skyview window over Front Door!!
      —as (he) Falsely claimed—
  h). And, on Indept. Invest.-It was learned That M. Krogger was over(6) Block To The No., Not N. Door "."
  i). A Properly/Acceptable/lawfull ID.; Has To Be Clearly/under Ideal Conditions Be Feasable
  j). Possible, Definately, Not-In-The-Darkness Both Times-Initialln-Confor national under Too
  k). Incriminating/Brutal Police Presence(S)----Especially, After The Said Eye-Wit. Claimed
  l). (He) Saw A Party-w- A Light-Green Top On wearing (his) B.B. Cap at dist. In The Darkness-N-
      -w- (Deft. wearing A Dark Grey-N-Pink Top, most likely The Reason For Dismissal)
  m). The Sgt. In-Charge, Plus At Least (8) Resident-N- Survey Pol. Off., Verified Same Just Prior T. Arst."
  n). making matters much Easier No Finger-Prints matched/No Cap/Head Covering No Need For S. Down w/H. R.
-Finnal-       -SAME/J.E.T.-     | But---- Leave-It- To DDA Twilly. Copr I seat h's Brokenness-